AUGUSTINA AMATO, Appellant, v. MARTIN M. SHEBEK et ux., Appellees.

No. 46294.

OCTOBER 19, 1943.

Thomas L. Woods and Jordan & Jordan, all of Cedar Rapids, for appellant.

George C. Claassen, of Cedar Rapids, for appellees.

OLIVER, J.—Appellant owned a corner lot (plus twenty feet of the adjoining lot) in Cedar Rapids, upon which were a small store building, facing the avenue, and a dwelling house to the rear, facing the side street. Appellant operated the store and lived in the house. In December 1941, she leased said property to Verne J. Green and wife and moved to Wisconsin. The store

lease was in writing and was for one year at $35 per month, with an option for ten more years at $40 per month. The house lease was oral at $28 per month.

In July 1942, appellee Leona Shebek proposed to buy the stock and business of the Greens and rent the store and house from appellant. She so advised Joe Sgarlata of Cedar Rapids, appellant's brother, who had been authorized by appellant to manage and lease the property. Sgarlata telephoned Attorney Charles W. Meek to draw a lease for the store and the house. Mr. Meek had drawn the prior lease from appellant to the Greens and used a carbon copy of that for a form. Apparently, Sgarlata did not make it clear to Mr. Meek that there was a house to be included in the Shebek lease. The Shebek lease was dated July 15, 1942, was for a term of one year with an option for ten more years, and, as first drawn, provided for a monthly rental of $35 for the first year and $40 thereafter to be paid to Sgarlata. It mentioned the store only, which was described by its street number. After Mrs. Shebek had signed the lease and was leaving his office Mr. Meek heard her say the rent was $63 per month for the first year and $68 thereafter. Thereupon the lease was changed to so read. Mr. Meek was told the $28 increase was for living quarters. However, he did not then know there was a house in connection with the store, and the description of the leased property was not changed to include the house or living quarters.

After Mrs. Shebek signed the lease Sgarlata sent it to appellant and advised her the Green lease had been canceled. Appellant signed the Shebek lease and returned both copies to Sgarlata, who retained one copy and delivered the other to Mrs. Shebek. Mrs. Shebek occupied the store and house and each month paid Sgarlata the $63 rent provided in the lease. Sgarlata remitted the proceeds to appellant. Appellant concedes said payments included the rent for both the store and the house.

About August 1942, Mrs. Shebek learned appellant was proposing to sell the property to a third party. She testified she had understood and believed the lease covered both store and house, but upon examining it she then discovered it did not contain a description of the house. She immediately brought this matter to the attention of Mr. Sgarlata. He told her the omis-

sion of the house was a mistake. Just previously Sgarlata had received a letter, in Italian in the Sicilian dialect, concerning the property, written and signed by appellant. He called upon Mr. Meek with this letter and a translation which states, in part:

"I will leave you exclusively to do anything you want to regarding my property."

Sgarlata told Mr. Meek the house should have been included in the lease and wanted to know if he could insert that description. Mr. Meek advised him he had authority to do so under the letter. The words "and house No. 384 Memorial Drive S.E." were then inserted in both copies of the lease. At that time Mr. Meek considered he was representing appellant through her brother.

Upon some of the principal foregoing factual statements there is a sharp conflict in the evidence. Appellant testified the rental figures in the lease were changed after she had signed the instrument. Witnesses for appellant testified the above-quoted translation of part of appellant's letter was incorrect. Upon these disputed questions of fact we conclude, as did the able trial court, that the evidence requires findings adverse to appellant.

The Shebek lease was not a continuation of the canceled Green lease. Under the Shebek lease the rent was not to be increased until July 1943, instead of January 1943, as provided in the Green lease, and the ten-year additional period would terminate in July 1953, instead of January 1953. However, the most striking difference in said leases is that rent for the house is contained in the Shebek lease. Here are two buildings upon the same lot, which the record shows were always used together by the owner and tenants, except perhaps for a few days when new tenants were in the course of taking over the property. Under the circumstances, the fact that the lease includes the rents for both buildings tends to support the proofs that all the general provisions of the instrument were intended to be applicable to both and that the failure to describe the house in the lease was due to oversight and mutual mistake of the parties. Considering the record as a whole, the evidence of such mistake is clear, satisfactory, and convincing. We agree with the findings of the trial court upon that proposition.

Appellant and Mrs. Shebek had no personal contact. Appellant's contention that the lease of the house was oral presupposes it was made by Sgarlata and that he was authorized to make it. That the scope of his authority was broad is indicated by appellant's acquiescence in the things he did, such as canceling the Green lease and arranging for the Shebek lease without first communicating with appellant. Federal Land Bank v. Union Bank & Tr. Co., 228 Iowa 205, 290 N. W. 512, 292 N. W. 852; Grismore v. Consolidated Prod. Co., 232 Iowa 328, 5 N. W. 2d 646. The complaint is that he was not authorized to make an option to extend the lease on the house for ten years. Whether or not he was so empowered prior to appellant's letter need not be determined. However, with two buildings upon one lot, practically tied together for use and by occupancy, upon one of which the common tenant has such option, there would be less reason for inferring such limitation of authority than under different conditions.

Appellant's letter to Sgarlata removes any real question as to his authority to take such action for his principal. We need not separately discuss his apparent authority. It is our conclusion that he had actual authority to correct the mutual mistake in omitting the description of part of the leased property, which had been made in drafting the original Shebek lease.

Appellant questions the admissibility of certain evidence of admissions and declarations of Sgarlata. Since these statements were made within the scope of his authority and in the discharge of his duties during the continuance of the agency, the evidence was admissible. Muntz v. Travelers Mut. Cas. Co., 229 Iowa 1015, 295 N. W. 837. Other propositions presented by appellant have been considered and determined not well founded.— Affirmed.

All JUSTICES concur.